Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN KEITH BROWN, JR.,<br><br>Defendant. | NO.   3:06-cr-0005-JWS<br>         3:05-cr-0005-JWS<br><br>**BRIAN BROWN'S SENTENCING MEMORANDUM** |

**I.     Introduction.**

Brian Brown submits this memorandum to assist the court at the April 12, 2006, sentencing. At sentencing, Mr. Brown will be asking for a composite sentence of 180 months and for a recommendation that he participate in the Bureau of Prisons 500-hour drug and alcohol program.

**II.    The Guideline Computation In The Presentence Report Is Correct.**

A05-0005 CR and A06-0005 CR have been consolidated for sentencing. The recommended guideline range for A06-0005 CR is 135 months to 168 months. Title 18 U.S.C. §

924(c)(1)(A)(I) requires a sentence of not less than 60 months consecutive to the sentence imposed in A05-0005 CR. The recommended guideline sentence for A06-0005 CR is 60 months. This computation is correct.

### III.    A Composite Sentence Of Fifteen Years Is Sufficient But Not Greater Than Necessary To Achieve The Sentencing Goals Required By Congress In 18 U.S.C. § 3553(a).

At sentencing, Mr. Brown will be 22 years old. He was arrested in this matter on March 30, 2005, and has been in pretrial/presentence custody since that time. This period of incarceration has been and will continue to be his first experience with incarceration as an adult. The sentence that must be imposed in this case represents a massively long sentence for so young a man. Under the circumstances, Mr. Brown believes that a composite sentence of fifteen years is more than sufficient to meet the sentencing goals established by Congress in 18 U.S.C. § 3553(a).

#### A.    Mr. Brown Is A Youthful Offender Facing His First Period Of Incarceration As An Adult – His Ability To Perform On Supervision As An Adult Has Not Yet Been Tested.

Mr. Brown has been convicted of serious offenses in these consolidated cases. The seriousness of his offenses are reflected in the minimum sentences mandated by Congress – ten years for A05-0005 CR and a consecutive five years for A06-0006 CR. The court has limited flexibility in A05-005 CR under *United States v. Booker,* 125 S.Ct. 738 (2005).

Mr. Brown has a dysfunctional and chaotic past. His parents never married. During his formative years, he was passed among relatives, having lived at various times with his maternal aunt, his mother, his father, his grandmother, and his grandfather. [PSR ¶ 75] His difficulties growing up and the anger issues associated with this chaotic background are amply illustrated in the

presentence report. [PSR ¶¶ 58 - 62] It is hardly surprising that Mr. Brown emerged damaged with a background like this.

What is important to remember is that a 15-year sentence for this young man is a massively long sentence. This sentence must necessarily be imposed without individualized consideration of Mr. Brown or of his ability to rehabilitate himself and thereafter demonstrate a commitment to live a law abiding life under closely supervised conditions. In this instance, the advisory guideline system provides this court with discretion only to impose a 15-year sentence instead of a 16-year three-month sentence.

Under these circumstances, a 15-year sentence fairly addresses the sentencing goals in 18 U.S.C. § 3553(a) without unnecessarily discounting the seriousness of his conduct and without sacrificing concern for public safety.

### B. The Sentencing Distinction Between Cocaine Base And Cocaine Powder Cannot Be Intellectually Defended.

The mandatory minimum sentence as well as the advisory guideline range in A05-0005 CR are driven because the controlled substance at issue is cocaine base instead of cocaine powder. Had the substance at issue been cocaine powder instead of cocaine base there would be no mandatory minimum and Mr. Brown's advisory guideline exposure would have been 57 to 71 months for A05-0005 CR.[1]

---

[1] This result follows because the combined weight of the cocaine base and the cocaine powder forming the relevant conduct in this case totals 642.7 grams. *See* PSR ¶ 45 for relevant conduct weights. U.S.S.G. § 2D1.1(a)(3) establishes a base offense level of 26 when the weight range is 500 grams to 2 kilograms of cocaine powder. At criminal history category III, this establishes an advisory range of 70 to 87 months. With three levels off for acceptance of responsibility, the advisory range becomes 57 to 71 months. The 21.1 grams of marijuana found at Mr. Brown's residence on March 30, 2005, would not impact this computation.

There is no chemical difference between cocaine base and cocaine powder and the grossly disparate treatment of these substances and the disparate impact this difference has had on the African-American community has troubled courts and the sentencing commission for years. *See e.g. United States v. Dumas*, 64 F.3d 1427, 1432 (9th Cir. 1995) (Boochever, J. concurring) ("I find the result in this case to be shocking, in that the punishment for the crack cocaine offense that would have been imposed for a comparable offense involving 100 times as much powder cocaine, and the evidence indicates that 92% of federal prosecutions for crack cocaine, which require enormously higher terms of imprisonment, involve African-Americans[.]"), *cert. denied*, 517 U.S. 1114 (1996).

In other post-*Booker* proceedings, courts in this district have endorsed Judge Boochever's view that the differences between crack cocaine and powder cocaine cannot be intellectually defended. *See, United States v. Rayon D. Esaw*, A04-0120 CR (JKS) [Esaw Sentencing Tr. 21]. The failure of Congress and the Sentencing Commission to meaningfully address this unwarranted disparity is plainly a circumstance that can in fairness be, at least minimally, addressed at Mr. Brown's sentencing.

## IV.     Conclusion.

For all these reasons, Mr. Brown respectfully asks the court to impose a 15-year sentence. He also asks for a judicial recommendation allowing him to participate in the Bureau of Prisons 500-hour drug and alcohol program. Although he will not be eligible for the 12-month sentence reduction if he completes this program, participation in the program may help him with the tools he needs to avoid some of the influences that lead to his behavior in this case.

DATED at Anchorage, Alaska this 5th day of April 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:   907-646-3400
Fax:     907-646-3480
E-Mail:  kevin_mccoy@fd.org

Certification:
I certify that on April 5, 2006,
a copy of **Brian Brown's Sentencing Memorandum** was served electronically on:

Frank Russo
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Kevin F. McCoy